NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THE GLADSTONE 318 ATLANTIC LLC, et al.,

          Plaintiffs,

v.

SELECTIVE INSURANCE COMPANY OF AMERICA,

          Defendant.

Civil Action No. 13-7235 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff The Gladstone 318 Atlantic, LLC and Joseph Tomasetti's ("Plaintiffs") motion to reopen this case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 5.) On April 10, 2014, the Honorable Joel A. Pisano, U.S.D.J.,[1] dismissed this case without prejudice. Defendant Selective Insurance Company of America ("Defendant") has not appeared in this matter.[2] The Court has carefully considered Plaintiffs' submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' motion is denied.

**I.   Background**

    On December 2, 2013, Plaintiffs filed a complaint for declaratory judgment against Defendant arising out of an insurance claim resulting from flood loss incurred during Super Storm

---

[1] On March 10, 2015, this case was reassigned to the undersigned. (ECF No. 6.)

[2] Defendant was served on April 11, 2014 (ECF No. 5-2), one day after Judge Pisano dismissed this action.

Sandy, a large storm that hit the northeast region in 2012. (Compl. ¶ 2, ECF No. 1.) On April 3, 2014, the Court issued a notice of call for dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (the "Notice"). (ECF No. 3.) The Notice stated the case would be dismissed on April 10, 2014, unless Plaintiffs established that service was effected within the proper time frame or good cause was shown for failure to do so. (*Id.*) Plaintiffs did not respond to the Court's Notice, and on April 10, 2014, the case was dismissed without prejudice. (ECF No. 4.) Nearly eight months later, on December 9, 2014, Plaintiffs filed a motion to reopen the case, seeking relief from the dismissal pursuant to Rule 60(b). (ECF No. 5.)

## II.   Legal Standard

Under Rule 60(b), courts have discretion to grant a party relief from a final judgment, order, or proceeding. *See Shapiro v. Baker*, 646 F. Supp. 1127, 1128 n.1 (D.N.J. 1986) (citing *Greco v. Reynolds*, 416 F.2d 965 (3d Cir. 1969)). Rule 60(b) "applies only to final judgments and orders." *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (internal quotation marks omitted). "Ordinarily, an order dismissing a complaint without prejudice is not a final order unless the applicable statute of limitations would not permit the re-filing of the claims." *Core Commc'ns, Inc. v. Verizon Pa., Inc.*, 493 F.3d 333, 337 (3d Cir. 2007). Rule 60(b)(1) allows the court, on motion, to grant relief to a party from a final judgment or order in the case of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The Supreme Court has provided four non-exhaustive factors for courts to consider when determining if relief is appropriate under Rule 60(b): "[1] the danger of prejudice to the [non-movant]; [2] the length of the delay and its potential impact on judicial proceedings; [3] the reason for the delay, including whether it was within the reasonable control of the movant; and [4] whether

the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).

In addition, Rule 60(c) requires that a motion under Rule 60(b)(1) "be made within a reasonable time . . . [that is] no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1); *see also Pioneer Inv. Servs.*, 507 U.S. at 393 (stating the court may grant relief, if the fault is "excusable" and the party seeks relief within one year). However, "the one-year period [provided by Rule 60(c)] represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired." *Den Be ex rel. Bell v. Hamilton Twp. Mun. Ct.*, No. 07-1588, 2008 WL 5156683, at *3 (D.N.J. Dec. 5, 2008) (citing *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)). "What constitutes a reasonable amount of time under Rule 60(c) depends on the specific circumstances of the case." *Liguori v. Allstate Ins. Co.*, No. 14-636, 2015 WL 71384, at *2 (D.N.J. Jan. 6, 2015) (citing *In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010)).

### III. Analysis

In the present case, upon review of the factors outlined in *Pioneer* and taking into consideration the totality of the circumstances, Plaintiffs' motion to reopen this case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is denied.

The Court finds the April 10, 2014 order of dismissal (ECF No. 4) to be a final order because the statute of limitations has expired, barring Plaintiffs from refiling the complaint to litigate the matter. *See Balyan v. Baldwin*, 566 F. App'x 175, 176 (3d Cir. 2014) (holding "[a] dismissal without prejudice effectively precludes a plaintiff from refiling suit if any relevant statutes of limitations have expired after filing the original suit"). Pursuant to 42 U.S.C. § 4072, a claimant must file an action "within one year after the date of mailing of notice of disallowance or

partial disallowance by the Administrator." 42 U.S.C. § 4072. According to Plaintiffs' complaint, filed on December 2, 2013, the initial filing was within the required one-year statutory timeframe. (Compl. ¶ 4.) Plaintiffs have not provided the Court with the date of the denial letter; however, assuming that the denial letter was received at the latest possible date for Plaintiffs' original filing, the one-year statute of limitations has run. Therefore, the order of dismissal is a final order, and the Court will review the *Pioneer* factors.

First, the Court must determine whether Defendant will be prejudiced. As previously discussed, Plaintiffs have not provided the Court with the date Defendant originally denied the insurance claim. See *Liguori*, 2015 WL 71384, at *2 (discussing prejudice being unclear when there is no date to indicate if claim was timely filed). Nevertheless, even if the denial letter was received at the latest possible date, the statute of limitations has clearly run. Accordingly, Defendant would be prejudiced by having to defend a case barred by statute, and this factor weighs against granting relief.

Second, Plaintiffs' lack of timeliness in filing the Rule 60(b) motion for relief weighs against reopening the case. The Court issued a notice of call for dismissal on April 3, 2014. (ECF No. 3.) Because Plaintiffs failed to respond, the Court dismissed the case on April 10, 2014. (ECF No. 4.) Plaintiffs served Defendant one day after the dismissal but then took no action whatsoever in the case for nearly eight months. Such a delay does not constitute a "reasonable time" under Rule 60(b) and weighs against granting relief. *Compare In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 183 (3d Cir. 2000) (holding three-week delay reasonable) *and In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 130 (3d Cir. 1999) (holding two-month delay reasonable), *with Liguori*, 2015 WL 71384, at *2 (holding five-and-a-half-month delay unreasonable) *and In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x at 246-47 (holding twelve-month delay unreasonable).

Additionally, while Plaintiffs may have served Defendant one day after the dismissal, Plaintiffs did not file any proof of service with the Court until the motion *sub judice* was filed. Plaintiffs' motion was not made within a reasonable time, and this factor weighs strongly against granting relief.

Finally, Plaintiffs assert that the delay was due to an inadvertent clerical error caused by their counsel's heavy caseload, related staffing and scheduling conflicts, and protracted time constraints. (Pedro Cert. ¶¶ 4, 8.) The Court does not find that any of the reasons provided by Plaintiffs constitute a justifiable basis for failure to respond to the Notice or for the extended delay in filing the motion to reopen. Third Circuit precedent establishes that "even when delay results from inadvertence of counsel, it need not be excused." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995) (citing *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987)). *See also Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 330 (3d Cir. 2012) (holding an attorney's busy caseload does not generally constitute excusable neglect sufficient to justify the failure to comply with a court deadline).

In the present case, Plaintiffs' counsel has not exercised the good faith required of a reasonably competent attorney to litigate the matter. After filing the initial complaint, Plaintiffs allowed 120 days to pass without effecting service of process on Defendant. Plaintiffs failed to respond to the Court's Notice, effected service on Defendant one day after the case was dismissed, failed to timely notify the Court regarding the service, and failed to take any action whatsoever until they filed their motion to reopen nearly eight months later. Plaintiffs' actions in this case highlight a trend in the manner in which Plaintiffs' counsel has litigated similar actions.[3]

---

[3] *See* Pl.'s Motion, *Pfeifer v. N.J. Re-Ins. Co.*, No. 14-4101 (D.N.J. Jan. 20, 2015), ECF. No. 9; Pl.'s Motion, *Hartley et. al. v. Selective Ins. Co. of Am.*, No. 14-4192 (D.N.J. Dec. 12, 2014), ECF No. 7; Pl.'s Motion, *Hoey v. Am. Bankers Ins. Co. of N.J.*, No. 14-849 (D.N.J. Dec. 9, 2014), ECF

Accordingly, after careful consideration of the *Pioneer* factors, the Court denies Plaintiffs' motion to reopen the case.

### IV.    Conclusion

For the reasons stated above, Plaintiffs' motion to reopen this case pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure is denied.[4]  An order consistent with this Memorandum Opinion will be entered.

_s/ Michael A. Shipp_
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 31, 2015

---

No. 6. On April 28, 2015, new counsel for Plaintiffs entered a Notice of Appearance in this matter. (ECF No. 7.)  This does not impact the Court's decision.

[4] Plaintiffs' Certification in support of the motion references the text of 60(b)(1) and (6). Plaintiffs, however, have not provided any legal argument regarding the applicability of Rule 60(b)(6). To the extent that Plaintiffs seek relief pursuant to Rule 60(b)(6), their request is denied. "[A] motion under Rule 60(b)(6) must be fully substantiated by adequate proof." *Liguori*, 2015 WL 71384, at *3 n.3 (quoting *Howard Johnson Int'l, Inc. v. Cupola Enters., LLC*, No. 01-1205, 2006 WL 625210, at *1 (D.N.J. Mar. 10, 2006)). In addition, "Rule 60(b)(6)'s catchall provision provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *44A Trump Int'l, Inc. v. Russell*, 546 F. App'x 103, 105 (3d Cir. 2013) (internal quotation marks omitted). Notably, "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Id.* (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008)).  Here, Plaintiffs did not demonstrate extraordinary circumstances that would justify relief pursuant to Rule 60(b)(6).